Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1010 | **DATE** | 6/5/2003 |
| **CASE TITLE** | RICHARD HERMAN, et al. vs. CENTRAL STATES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss the amended complaint [16-1] is granted in part. Count VII is dismissed with prejudice. The motion is denied in all other respects. Defendants shall answer all remaining counts by June 13, 2003. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/5/2003 | |
| | | 03 JUN -5 PM 6:23 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD HERMAN, et al., )
)
Plaintiffs, ) No. 03 C 1010
)
v. ) Suzanne B. Conlon, Judge
)
CENTRAL STATES SOUTHEAST & )
SOUTHWEST AREAS PENSION FUND, et al., )
)
Defendants. )

**DOCKETED JUN 0 6 2003**

## MEMORANDUM OPINION AND ORDER

Richard Herman, Daniel Paule, Larry Arwood, Dennis Helvey, William Rose, Michael Krucker, Larry Whitmyer, and William Bohan (collectively, "plaintiffs") bring this purported class action against Central States Southeast & Southwest Areas Pension Fund ("Central States" or the "fund") and Fund Trustees/Plan Administrators Fred Gegare, Jerry Younger, Charles Whobrey, Ray Cash, George Westley, Howard McDougall, Arthur Bunte, Jr., Tome Ventura, Gary Caldwell, and Daniel Brutto (collectively, "trustees") (Central States and trustees, collectively, "defendants"). Plaintiffs claim violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Specifically, plaintiffs sue trustees for breach of fiduciary duty (Count I), violation of the Anti-Cut Back Rule (Count III), violation of offset rules (Count IV), and interference with protected rights (Count VII). Plaintiffs sue Central States to enjoin unlawful practices, recover benefits, and clarify rights (Count II); for violation of ERISA notice provisions (Count V), and for violation of ERISA claims procedures (Count VI). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).

1

## BACKGROUND

### I. Facts

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Plaintiffs are current or former employees covered by the defendant retirement fund. The fund is a multi-employer pension created under an agreement and declaration of trust established in 1955. Pursuant to collective bargaining agreements between plaintiffs' employers, all plaintiffs are members and participants in the fund, under which they accrue vested retirement benefits.

In 1985, the fund began offering enhanced early retirement benefits. All plaintiffs accrued substantial early retirement benefits under the fund. In March 2002, the trustees implemented amendments to the trust agreement, effective June 30, 2002. The amendments retracted applications to retire and declined to authorize jobs that were previously permissible. In addition, the trustees amended the fund to include more restrictive definitions and interpretations of language in the preexisting prohibited reemployment rules. The meaning of the terms "industry," "trade," "craft," and "classification" became increasingly subjective.

The amendments required beneficiaries wishing to work after retirement to obtain job approval in advance. The complaint alleges the approval procedure is unduly lengthy and responses are not received in time to accept job offers. Further, the amendments offer no guidelines by which participants or retirees can identify jobs that are acceptable under the plan. This creates a default assumption that all jobs are prohibited, even though the plan does not actually prohibit all post-retirement employment.

Under the prior rules, a retiree who was engaged in prohibited reemployment, according to the fund, could avoid overpayments and suspension of pension and continue employment while seeking a review of the reemployment determination. The amendments in issue eliminated this safe harbor. Further, the amendments subjected the reemployment rules to the fund's claims procedures. The claims procedures may take a year or more to exhaust and fail to provide reemployment advice and consent within a reasonable time.

On January 28, 2003, the trustees announced that the amendments would be suspended pending further study. The suspension was limited to changes relating to the definition of "prohibited reemployment." Trustees have continued to enforce all other amendments.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion under Rule 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

### II. Breach of Fiduciary Duties (Count I)

Under ERISA, trustees have fiduciary duty to conduct the affairs of the fund for the exclusive benefit of fund participants and their beneficiaries. 29 U.S.C. § 104(a)(1)(A)(i). The amended complaint alleges that the trustees required plan participants to forego post-retirement employment not adverse to legitimate interests of the fund. In so doing, plaintiffs allege that the trustees breached

3

their fiduciary duties and unreasonably interpreted the fund's language prohibiting reemployment rules in order to cure unrelated fund problems. Defendants argue these claims are conclusory and without factual basis. *See Cushing v. City of Chicago*, 3 F.3d 1156, 1161 n.5 (7th Cir. 1993) ("[C]onclusory allegations unsupported by any factual allegations will not withstand a motion to dismiss") (citations omitted).

To state an ERISA claim for breach of fiduciary duty, plaintiffs need only allege: "(1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that a cognizable loss resulted." *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998), *rev'd on other* grounds, 530 U.S. 211 (2000), *citing* 29 U.S.C. § 1104(a). Plaintiffs allege that the trustees implemented a costly administrative program that terminated benefits of retirees receiving high early retirement subsidies (Pl. Am. Compl. at ¶¶ 5-12), subjectively redefined terms of prohibited reemployment (*id.* at ¶ 45), interpreted reemployment rules inconsistently (*id.* at ¶¶ 47, 70-71, 77), and applied rules without guidelines that would enable retirees to know whether reemployment work is or is not prohibited (*id.* at ¶¶ 75, 76). A claimant is not required to "set out in detail the facts upon which he bases his claim. To the contrary, all that the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), *citing Conley*, 355 U.S. at 47. Plaintiffs have satisfied this minimal requirement.

### III. Recovery of Benefits (Count II)

Under ERISA, a participant or beneficiary may bring a civil action to recover benefits due under the terms of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B) and (3). Defendants argue that Count II should be dismissed because plaintiffs are not seeking benefits, but rather changes to

4

the plan. Plaintiffs contend that allegations regarding changes of the plan are merely background to their claim for benefits. Indeed, plaintiffs allege that defendants denied accrued benefits. Pl. Am. Compl. at ¶¶ 6-8). Defendants do not contend that plaintiffs are not plan participants. Under the liberal federal notice pleading standards, more is not required. *Leatherman*, 507 U.S. at 168; *Conley*, 355 U.S. at 47. Defendants fail to show that plaintiffs could prove no set of facts consistent with these allegations that would entitle them to relief.

## IV. Violation of Anti-Cut Back Rule (Count III)

ERISA § 204(b)(1) provides that the accrued benefits of a participant shall not be reduced by any plan amendment. 29 U.S.C. § 1054(g)(1). The amended complaint alleges that the challenged amendments to the reemployment rule had the effect of eliminating or reducing retirement benefits, retirement subsidies, and option benefits attributable to past service. A reduction in reemployment options may constitute a cutback of accrued benefits in violation of 29 U.S.C. § 1054. *Heinz v. Central Laborers' Pension Fund*, 303 F.3d 802 (7th Cir. 2002). However, defendants argue Count III should be dismissed as moot because after the *Heinz* decision, the trustees repealed the substantive amendments to the prohibited reemployment rules retroactive to March 13, 2002. Def. Motion, Nyhan Aff., Ex. B, at 2. But the correct standard for mootness is whether "no reasonable expectation exists that the alleged wrong will be repeated. The burden of persuasion that such conduct cannot reasonably be expected to reoccur lies with the defendant." *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002). Plaintiffs contend defendants represented that the amendments were suspended, not repealed. In a special bulletin in January 2003 to all local unions, defendants represented that they suspended the amended modifications "in order to study the issue further." Pl. Res., Ex. 18. Defendants fail to carry their burden of showing that the suspension of the March 2002 amendment moots the issue and that plaintiffs lack standing.

5

## V. Violation of Offset Rules (Count IV)

Plaintiffs allege that defendants amended the plan to provide for offset of benefits allegedly overpaid due to prohibited reemployment in violation of 29 C.F.R. § 2503.203-3(b)(2) and (3). Further, plaintiffs claim the amendment does not distinguish between the offset and resumption of pension payments. Defendants argue that ERISA does not place limitations on the suspension of benefits with respect to early retirement benefits. *Whisman v. Robbins*, 55 F.3d 1140, 1145-47 (6th Cir. 1995). But defendants fail to establish that *Whisman* is the governing law in this circuit. *See Heinz v. Central Laborers' Pension Fund*, 303 F.3d 802 (7th Cir. 2002) (rejecting the rationale and result of the Sixth Circuit's opinion in *Whisman*). In addition, the plain language of the regulations permits offsets pursuant to its provisions "to the extent (but only to the extent) that suspension of such benefits does not affect a retiree's entitlement to normal retirement benefits payable after attainment of normal retirement age, or the *actuarial equivalent thereof*." 29 C.F.R. § 2503.205-3(a) (emphasis added). Defendants fail to show that early retirement benefits are not the "actuarial equivalent" of normal retirement benefits. Accordingly, defendants do not establish that, as a matter of law, Count IV should be dismissed.

## VI. Violation of ERISA Notice Provisions (Count V)

ERISA provides that a plan amendment that significantly reduces the rate of future benefit accrual requires a 15-day notice period before the effective date of the amendment. 29 U.S.C. § 1054(h). The amended complaint alleges that the trustees implemented the March 2002 amendments immediately without the required 15-day notice. Defendants argue that because the substantive amendments were repealed, Count V is moot. However, defendants concede that the procedural amendments remain. As noted above, defendants' affidavit that the substantive amendments were repealed fails to establish that there is "no reasonable expectation that the alleged wrong will be

6

repeated" and that notice was nonetheless allegedly improper. *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002).

**VII. Violation of ERISA Claims Procedures (Count VI)**

Labor regulations require that defendants' claims review process and determination of participant/retiree status be conducted in a reasonably prompt manner in accordance with ERISA section 503(1) and (2). 29 C.F.R. § 2530.203-3(b)(6); 29 C.F.R. § 2530.503-(1)(b). Plaintiffs allege that defendants' claims procedures are not processed in a reasonable amount of time. The amended complaint alleges that the procedures deprive participants and retirees their right to full, fair, and prompt consideration of status inquiries and determinations. Defendants argue that the claim procedures are reasonable and comply with ERISA and its regulations. At this juncture, however, the court must consider all allegations in the amended complaint as true and draw all reasonable inferences in plaintiffs' favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The court cannot consider defendants' arguments that rely on matters outside the pleadings. Defendants fail to show that relief is not possible under any set of facts that could be established consistent with the allegations of the amended complaint. *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**VIII. Interference with Protected Rights (Count VII)**

ERISA § 510 forbids discrimination against a plan participant for purposes of interfering with the participant's attainment of any benefit under the provisions of an employee benefit plan. 29 U.S.C. § 1140. This section only regulates conduct that affects the employer-employee relationship, not the terms of a plan or its administration. *Teumer v. General Motors Corp.*, 34 F.3d 542, 544-45 (7th Cir. 1994); *McGath v. Auto-Body North Shore, Inc.*, 7 F.3d 665, 668-69 (7th Cir. 1993).

Plaintiffs concede that loss of benefits is not sufficient in and of itself to state a claim in this Circuit under ERISA § 510.[1] *Id.* Accordingly, Count VII must be dismissed.

## CONCLUSION

Defendants fail to establish that Counts I, II, IV, and VI do not state a claim upon which relief can be granted, or that Counts III and V are moot. Count VII is dismissed.

June 5, 2003                                                ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge

---

[1] Plaintiffs cite cases from the Fifth and Sixth Circuits that give ERISA § 510 a broader interpretation. *See Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 507 (5th Cir. 1999); *Mattei v. Mattei, Ex'r. Of Estate of Mattei*, 126 F.3d 794, 804 (6th Cir. 1997).

8