Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1010 | **DATE** | 7/16/2003 |
| **CASE TITLE** | HERMAN, et al. vs. CENTRAL STATES PENSION FUND, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for class certification [24-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2003 | 56 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 7/16/2003 | |
| CB courtroom deputy's initials | | 03 JUL 16 PM 5:00 Date/time received in central Clerk's Office | date mailed notice PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD HERMAN, et al., )
)
Plaintiffs, ) No. 03 C 1010
)
v. ) Suzanne B. Conlon, Judge
)
CENTRAL STATES SOUTHEAST & )
SOUTHWEST AREAS PENSION FUND, et al., )
)
Defendants. )

DOCKETED
JUL 1 7 2003

## MEMORANDUM OPINION AND ORDER

Richard Herman, Daniel Paule, Larry Arwood, Dennis Helvey, William Rose, Michael Krucker, Larry Whitmyer, and William Bohan (collectively, "plaintiffs") bring this purported class action against Central States Southeast & Southwest Areas Pension Fund ("Central States" or the "fund") and Fund Trustees/Plan Administrators Fred Gegare, Jerry Younger, Charles Whobrey, Ray Cash, George Westley, Howard McDougall, Arthur Bunte, Jr., Tome Ventura, Gary Caldwell, and Daniel Brutto (collectively, "trustees") (Central States and trustees, collectively, "defendants"). Plaintiffs claim violations of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. Plaintiffs move for class certification pursuant to Fed. R. Civ. P. 23.

## BACKGROUND

**I. Allegations in the Complaint**

In considering a motion for class certification, the court does not consider the merits of the case, but must accept all allegations in the complaint as true. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Ries v. Humana Health Plan, Inc.*, 1997 WL 158337 (N.D. Ill. 1997). Plaintiffs are current or former employees covered by the defendant retirement fund. The fund is a multi-

1



employer pension created under an agreement and declaration of trust established in 1955. Pursuant to collective bargaining agreements between plaintiffs' employers, all plaintiffs are members and participants in the fund, under which they accrue vested retirement benefits.

In 1985, the fund began offering enhanced early retirement benefits. All plaintiffs accrued substantial early retirement benefits under the fund. In March 2002, the trustees implemented amendments to the trust agreement, effective June 30, 2002. The amendments retracted applications to retire and declined to authorize jobs that were previously permissible. In addition, the trustees amended the fund to include more restrictive definitions and interpretations of language in the preexisting prohibited reemployment rules. The meaning of the terms "industry," "trade," "craft," and "classification" became increasingly subjective.

The amendments required beneficiaries wishing to work after retirement to obtain job approval in advance. The complaint alleges the approval procedure is unduly lengthy and responses are not received in time to accept job offers. Further, the amendments offer no guidelines by which participants or retirees can identify jobs that are acceptable under the plan. This creates a default assumption that all jobs are prohibited, even though the plan does not actually prohibit all post-retirement employment.

Under the prior rules, a retiree who was engaged in prohibited reemployment, according to the fund, could avoid overpayments and suspension of pension and continue employment while seeking a review of the reemployment determination. The amendments in issue eliminated this safe harbor. Further, the amendments subjected the reemployment rules to the fund's claims procedures. The claims procedures may take a year or more to exhaust and fail to provide reemployment advice and consent within a reasonable time.

On January 28, 2003, the trustees announced that the amendments would be suspended pending further study. The suspension was limited to changes relating to the definition of "prohibited reemployment." Trustees have continued to enforce all other amendments.

## II. Class Definition

Plaintiffs seek to certify a class consisting of:

> employees or former employees of companies who are or were participating in defendant Central States Funds and who have been or will be prevented from working post retirement on the ground that they are violating the Funds so-called Prohibited Reemployment rule.

Pl. Amend. Compl., ¶ 13.

## DISCUSSION

### I. Class Certification Standard

Plaintiffs bear the burden of establishing the requirements for class certification. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Pursuant to Fed. R. Civ. P. 23(a), plaintiffs must establish: "(i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If plaintiffs establish all four elements of Rule 23(a), they must then satisfy one of the subsections of Rule 23(b). Fed. R. Civ. P. 23(b). The court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). Failure to meet any one of the requirements of Rule 23(a) or (b) precludes certification of the class. *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980).

## A. Rule 23(a)

### 1. Numerosity

Rule 23(a)(1) permits class certification only when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no mystical number that satisfies the numerosity requirement. *Lengle v. Attorneys' Title Guaranty Fund, Inc.*, 2002 WL 31163672, *3 (N.D. Ill. 2002); *Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997). The court is entitled to make common sense assumptions when determining whether the class is so numerous that joinder is impracticable. *Rivera v. Grossinger Autoplex, Inc.*, 2000 WL 1280904, *3 (N.D. Ill. 2000).

To establish the numerosity of their proposed class, plaintiffs argue that the class contains 371,000 members, including 171,000 active fund participants and 200,000 retirees. But plaintiffs fail to submit any evidence to support this claim. While Rule 23 does not require plaintiffs to produce precise numbers, *some* evidence of the number of class members must be shown. *Allen v. City of Chicago*, 828 F.Supp. 543, 550 (N.D. Ill. 1993). Mere speculation does not suffice. *Kohn v. Mucia*, 776 F.Supp. 348, 352 (N.D. Ill. 1991).

In addition, plaintiffs' proposed class cannot be ascertained by reference to objective criteria. *NOW v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997). In other words, the class definition is too vague. *Elliott v. Chicago Housing Authority*, 2000 WL 263730, *4 (N.D. Ill. 2000), *citing Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). Plaintiffs' class definition does not contain a time limitation to exclude members from the class by reason of the statute of limitations. Nor does the class definition limit or distinguish the age of putative class members, considering that the age of a participant determines whether prohibited reemployment rules apply. Def. Res., Ex. 1 to Ex. A, at Art. IV, § 4.13(a)(2) & (3).

4

Although the court may make common sense assumptions when determining numerosity, plaintiffs provide no evidence to support their claim that there are 371,000 total fund participants. Nor do they provide reason to assume that any putative class members were subject to an improper application of the prohibited reemployment rules.

## CONCLUSION

Because plaintiffs fail to establish numerosity, class certification must be denied. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993); *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980). The court need not consider the other criteria for certification.

July 16, 2003                                    ENTER:

                                                 *[signature]*
                                                 Suzanne B. Conlon
                                                 United States District Judge