Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1010 | **DATE** | 8/21/2003 |
| **CASE TITLE** | RICHARD HERMAN vs. CENTRAL STATES PENSION FUND, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for rehearing on denial of class certification [65-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 22 2003 | |
| | Notified counsel by telephone. | | date docketed | 67 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/21/2003 | |
| | | 03 AUG 21 PM 2:59 | date mailed notice | |
| CB | courtroom deputy's initials | FILED FOR DOCKETING | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



| | |
|---|---|
| RICHARD HERMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 03 C 1010 |
| ) | |
| CENTRAL STATES SOUTHEAST & ) | Suzanne B. Conlon, Judge |
| SOUTHWEST AREAS PENSION FUND, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Richard Herman, Daniel Paule, Larry Arwood, Dennis Helvey, William Rose, Michael Krucker, Larry Whitmyer and William Bohan (collectively, "plaintiffs") bring this purported class action against Central States Southeast & Southwest Areas Pension Fund, as well as its trustees and plan administrators (collectively, "defendants"). Plaintiffs claim violations of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* The court previously denied plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23(a). *Herman v. Central States Southeast & Southwest Areas Pension Fund,* 2003 WL 21673949 (N.D. Ill. July 17, 2003). Plaintiffs now move for reconsideration pursuant to Fed. R. Civ. P. 59.

Rule 59 does not apply to plaintiffs' motion. Rule 59 applies only to motions seeking relief from final judgment or orders. See Fed. R. Civ. P. 59(e)("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment). In contrast, Fed. R. Civ. P. 54(b) specifically provides that interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." The court also

1

has inherent authority to reconsider interlocutory orders before entering final judgment. *Wimberly v. General Motors Corp.*, No. 95 C 1318, 1997 WL 30960, at *1 (N.D. Ill. Jan. 17, 1997). The court may grant a motion to reconsider an interlocutory order as justice requires. *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill.1995).

Plaintiffs' motion for reconsideration is based entirely on a revised class definition supported by counsel's summary of surveys completed by plan participants.[1] However, plaintiffs acknowledge in their reply, filed without leave of court, that the completed surveys have been in their possession "since the beginning of this case." Reply at 3. With discovery closing in approximately three weeks and trial scheduled in October 2003, plaintiffs' belated attempt to revisit the class certification issue must be rejected.

Moreover, plaintiffs' reconsideration motion fails on the merits because the purportedly privileged surveys have not been produced to defendants. Rule 37(c)(1) provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

---

[1] Plaintiffs' motion contains anecdotal evidence regarding the fund participants' purported interest in changing the reemployment rule. *See* Motion at 6-7 (participants signed petitions, held meetings and inquired about legal representation regarding the reemployment rule). However, plaintiffs fail to provide evidence demonstrating these participants fall within their revised class definition. Specifically, plaintiffs do not provide a reasonable basis to conclude that these participants signed the petitions, which contained several issues, attended meetings or sought legal representation because they are or will be adversely impacted by the reemployment rule, rather than based on their concern over other issues addressed in the petitions or a desire for additional information.

2

In their reply, plaintiffs claim the surveys were not produced during discovery because they are protected from disclosure by the attorney-client privilege. Reply at 3. The attorney-client privilege protects a document from disclosure: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991). Plaintiffs fail to explain how the surveys meet the standards for protection under the attorney-client privilege. Nor do plaintiffs submit the surveys for an *in camera* determination by the court. Indeed, the blank survey and accompanying letter, provided to the court by defendants, does not indicate an attorney-client relationship was ever established between respondents and plaintiffs' counsel. *See* Response at Ex. C. *See also Bauman v. Jacobs Suchard, Inc.*, 136 F.R.D. 460, 461 (N.D. Ill. 1990)(EEOC's communications with prospective class members protected by the attorney-client privilege because the "primary purpose of the letter was to ask if the claimants wished to be represented by the EEOC. Only those who desired to be represented were asked to complete the questionnaire"). Absent a substantial justification for their failure to produce the surveys, plaintiffs cannot base their class certification motion on these undisclosed documents. Therefore, plaintiffs' motion for reconsideration must be denied.

Additionally, reconsideration of the class certification issue is inappropriate because plaintiffs cannot establish adequacy of counsel. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)(Rule 23(a)(4) turns on both the class representatives' ability to protect the interests of all class members, as well as the named plaintiffs' counsel to adequately represent the

class). Counsel's submissions on the class certification issue have been repeatedly insufficient. On this one issue alone, counsel: (1) erroneously filed an incomplete affidavit; (2) admittedly failed to properly define the class; (3) admittedly failed to submit sufficient evidence to support plaintiffs' motion for class certification; (4) failed to provide affidavits as to counsel's qualifications until defendants pointed out the lack of evidence on the issue; (5) failed to explain why additional evidence presented on reconsideration was not included in the original class certification motion; (6) used a hearsay summary of purportedly privileged documents to support its motion for reconsideration without discussing the privilege or submitting the documents for *in camera* review; and (7) filed a reply without leave of court. Indeed, plaintiffs' apparently canned brief in support of class certification, which cites outdated caselaw and only a few cases from this circuit, does not engender confidence in counsel's qualifications. Based on this record, as well as the fact that plaintiffs' counsel did not serve discovery requests on defendants until four months after the case was filed and one month after their class certification motion was filed, plaintiffs have not met their burden of establishing class certification is appropriate. *See Id.* at 596 (plaintiffs bear the burden of establishing the requirements for class certification).

August 21, 2003

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

4