

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1010 | **DATE** | 10/17/2003 |
| **CASE TITLE** | HERMAN, et al. vs. CENTRAL STATES PENSION FUND, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [76-1] is granted in part. Plaintiffs' claims based on the amendment to the prohibited reemployment definition are dismissed without prejudice. Judgment is entered for defendants on plaintiffs' remaining claims. Third parties' motion for reconsideration [71-1] or modification [71-2] or stay of order granting motion to compel production of documents in which movants have asserted privileges under the First Amendment and otherwise [71-3] is moot. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **Document Number** |
| | Notified counsel by telephone. | OCT 2 0 2003 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 96 |
| | Copy to judge/magistrate judge. | 10/17/2003 date mailed notice | |
| CB | courtroom deputy's initials | PW mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

03 OCT 17 PM 3:29

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HERMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 03 C 1010 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

**OCT 2 0 2003**

## MEMORANDUM OPINION AND ORDER

Richard Herman, Daniel Paule, Larry Arwood, Dennis Helvey, William Rose, Michael
Krucker, Larry Whitmyer and William Bohan (collectively, "plaintiffs") sue Central States Southeast
& Southwest Areas Pension Fund ("the Pension Fund") and the Pension Fund Trustees/Plan
Administrators Fred Gegare, Jerry Younger, Charles Whobrey, Ray Cash, George Westley, Howard
McDougall, Arthur Bunte, Jr., Tome Ventura, Gary Caldwell and Daniel Brutto ("the trustees") for
violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.
Specifically, plaintiffs allege breach of fiduciary duty (Count I), violation of the anti-cut back rule
(Count III), violation of the offset rules (Count IV) and interference with protected rights (Count VII)
against the trustees and seek injunctive and declaratory relief (Count II) and damages for violation
of ERISA notice provisions (Count V) and violation of ERISA claims procedures (Count VI) against
the Pension Fund. The court previously dismissed Count VII with prejudice. *Herman v. Central
States Southeast & Southwest Areas Pension Fund*, 2003 WL 21310278 (N.D. Ill. June 6, 2003).

1

The Pension Fund and its trustees (collectively, "defendants") move for summary judgment on the remaining counts pursuant to Fed. R. Civ. P. 56. In response, plaintiffs assert summary judgment in their favor is appropriate.

## BACKGROUND

The following facts are undisputed. The Pension Fund is a multiemployer pension plan within the meaning of ERISA. The trustees have discretionary and final authority with respect to the administration of the Pension Fund and the construction of its terms. Plaintiffs are participants in the Pension Fund.

Section 4.13(a) of the pension plan provides in relevant part:

> A Pensioner shall have his monthly benefit payments suspended for any calendar month in which he works in "Prohibited Reemployment" (as defined in sub-section (f), below) . . . A Pensioner shall permanently lose his rights to any benefit payments which are suspended because of his work in Prohibited Reemployment.

Def. Facts at ¶ 19. Prohibited reemployment is defined as:

(1) Employment in any position, including a managerial or supervisory position, by a Contributing Employer (or an employer which was a Contributing Employer (at any time after September 25, 1980)); or

(2) Employment by an employer, other than a governmental agency, in any position covered by a Teamster Contract between that employer and any affiliate of the International Brotherhood of Teamsters; or

(3) Employment in any position, including a managerial or supervisory position and including self-employment, but not including government employment, either in the same industry in which the Participant or Pensioner earned any Contributory Service Credit while covered by the Pension Fund, or in any other industry if the Participant or Pensioner is in the same classification as are other Participants then employed by a Contributing Employer located within the same standard metropolitan statistical area.

Id. at ¶ 21. Under § 4.13(m):

2

> A Pensioner who fails to notify the Pension Fund that he has returned to work in Prohibited Reemployment shall be obligated to reimburse the Pension Fund for all retirement pension benefit payments he received for any month, or part of a month, in which he was reemployed.

*Id.* at ¶ 22.

On March 13, 2002, the trustees amended § 4.13 of the pension plan. Specifically, the trustees modified the definition of prohibited reemployment to eliminate exceptions for government employees and employees working outside the same standard metropolitan statistical area. The trustees further amended the pension plan to allow the Pension Fund to obtain reimbursement for benefits paid during prohibited reemployment periods from future benefits.

The amendments became effective on July 1, 2002. Plaintiffs Paule, Arwood, Helvey, Rose, Whitmyer and Bohan (collectively, "retired plaintiffs") retired before July 1, 2002. Plaintiffs Herman and Krucker (collectively, "working plaintiffs") continued working after July 1, 2002.

In January 2003, the trustees adopted a resolution retroactively reinstating the prior definition of prohibited reemployment based on the Seventh Circuit's decision in *Heinz v. Central Laborers' Pension Fund*, 303 F.3d 802 (7th Cir. 2002). The resolution specifically provides:

> the Trustees have decided that it is in the best interest of the Pension Fund to rescind that part of the 3-13-02 Resolution which the *Heinz* decision indicates may be invalid, pending further developments in the *Heinz* litigation, reserving the Trustees' ability to revisit this issue in the future.

Def. Facts at Ex. G. According to defendants, they have no intention of reinstating the rescinded definition of prohibited reemployment.

**DISCUSSION**

## I. Legal Standards

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. ERISA Claims

Plaintiffs contest the following actions taken by defendants: (1) amendment to the prohibited reemployment definition; (2) amendment to the reimbursement provision; and (3) individual benefit determinations.[1] All three challenges lack merit.

### A. Amendment to the Prohibited Reemployment Definition

### 1. Standing

Defendants assert plaintiffs lack standing to challenge the repealed amendment to the prohibited reemployment definition. In order to have standing, plaintiffs must have "'such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Discovery*

---

[1] Plaintiffs' claims based on defendants' alleged violations of ERISA's offset rules (Count IV) and claims procedures (Count VI) are deemed abandoned by plaintiffs' failure to address either claim in their response brief. *Palmer v. Marion County*, 327 U.S. 588, 597-98 (7th Cir. 2003).

*House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 279 (7th Cir. 2003), *quoting Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). To ensure a personal stake in the outcome, plaintiffs must show: (1) an injury that is concrete, particularized, and actual or imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the defendants' actions; and (3) that a favorable decision is likely to redress the injury. *Perry v. Sheahan*, 222 F.3d 309, 313-14 (7th Cir. 2000). Plaintiffs, with the exception of Krucker, fail to sustain their burden.

As an initial matter, the retired plaintiffs do not have standing to challenge the amendment to the reemployment definition because the amendment applied only to the working plaintiffs, Herman and Krucker. Moreover, Herman's claim that he was deterred from seeking employment with the U.S. Postal Service because of the amendment is insufficient to establish injury in fact. *See Laird v. Tatum*, 408 U.S. 1, 14 (1972), *quoting United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions'"). In contrast, Krucker may seek damages, but not injunctive or declaratory relief. It is undisputed that Krucker declined employment with the U.S. Postal Service based on the Pension Fund's determination that such employment constituted prohibited reemployment under the amendment. Def. Resp. to Pl. Facts at ¶ 31. Therefore, Krucker has standing to pursue damages caused by the amendment to the prohibited reemployment definition.

Nevertheless, the working plaintiffs do not have standing to seek injunctive or declaratory relief regarding the amendment to the prohibited reemployment definition. In order to invoke Article

5

III jurisdiction, a plaintiff seeking prospective equitable relief must show a significant likelihood and immediacy of sustaining direct injury. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000). A plaintiff's speculation that he may suffer the same injury at some time in the future is insufficient to establish standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Defendants have no intention of reinstating the rescinded amendment in the current legal environment. Moreover, the working plaintiffs have not demonstrated any basis for their claim if *Heinz* is ultimately overruled and the rescinded amendment reinstated. *See Robinson v. City of Chicago*, 868 F.2d 959, 967 (7th Cir. 1989)(standing conferred where "claim is capable of repetition, yet evading review"). Therefore, the working plaintiffs lack standing to pursue equitable relief. Alternatively, plaintiffs' claims for injunctive and declaratory relief were rendered moot by the defendants' recission of the amendment. *See, e.g., Allee v. Medrano*, 416 U.S. 802, 818-19 (1974)(repeal of challenged ordinance renders claim for equitable relief moot).

**2.      Exhaustion**

Defendants assert Krucker's damages claim fails because he did not exhaust his administrative remedies. An ERISA plaintiff must exhaust his internal administrative remedies before filing suit. *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1997). Krucker claims he is excused from the exhaustion requirement because further appeal would have been futile.

Contrary to Krucker's assertion, futility is not established because his claims are based on statutory violations, rather than a denial of benefits. *See Robyns v. Reliance Standard Life Ins.* Co., 130 F.3d 1231, 1235 (7th Cir. 1997)("at least since *Kross v. Western Electric Co.*, 701 F.2d 1283 (1983), this Court has held that a district court may properly require the exhaustion of remedies

6

before a plaintiff may file a claim alleging the violation of an ERISA statutory provision"). Rather, Krucker "must show that it is certain that [his] claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* at 1238, *citing Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). Krucker fails to provide any evidence demonstrating that his administrative appeal would have resulted in a denial of his claim. *See Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 680 (7th Cir. 2002)("When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply"). Indeed, the record in this purported class action does not contain one instance where an appeal of a prohibited reemployment designation based on the amendment was denied. More importantly, an appeal of defendants' October 14, 2002 decision may have led to the discovery of *Heinz*, which was decided on September 13, 2002. Based on this record, Krucker's damages claim based on the amendment to the prohibited reemployment definition must be dismissed for failure to exhaust his administrative remedies.

**B.     Amendment to the Reimbursement Provision**

Plaintiffs claim the amendment allowing defendants to obtain reimbursement for benefits paid during prohibited reemployment periods from future benefits is unenforceable. *See* Pl. Resp. at 11-12, *citing Schoonmaker v. Employee Sav. Plan of Amoco Corp.*, 987 F.2d 410, 414 (7th Cir. 1993). Contrary to plaintiffs' position, *Schoonmaker* simply stands for the proposition that a plan may not be orally amended. *Id.* Here, defendants amended the plan in writing to include reimbursement from future benefits. More importantly, defendants' amendment is entirely consistent with the summary plan descriptions allowing for reimbursement from future benefits. Therefore, plaintiffs' reliance on *Schoonmaker* is misplaced.

7

Moreover, defendants' alleged insufficient notice does not invalidate the new rule regarding reimbursement.[2] Defendants are only required to give notice of any amendment "which eliminates or significantly reduces any early retirement benefit." 29 U.S.C. § 1054(h)(9). Defendants' use of purported self-help measures to recoup erroneously paid benefits cannot be construed as eliminating or significantly reducing an early retirement benefit. Indeed, the regulations specifically authorize a pension fund to offset monthly benefit payments to satisfy an overpayment. 29 C.F.R. § 2530.203-3(b). Therefore, plaintiffs' claims based on the reimbursement amendments, including their claim for breach of fiduciary duty, fail as a matter of law. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 891 (1996)("the act of amending a pension plan does not trigger ERISA's fiduciary provisions").

## C.     Individual Benefit Claims

Plaintiffs assert the underlying factual record does not support defendants' denial of benefits for plaintiffs Rose, Paule and Helvey.[3] A denial of benefits is reviewed *de novo* unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When a plan gives the administrator discretionary authority, the appropriate standard of review is the arbitrary and capricious standard. *Mers v. Marriott Int'l Group*, 144 F.3d 1014, 1019 (7th Cir.1997). Under the arbitrary and capricious standard, "[i]f the administrator makes an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts, then the administrator's decision

---

[2]     To the extent plaintiffs claim defendants failed to give proper notice regarding a "newly-erected presumption" regarding prohibited reemployment, their claim cannot survive without identifying any individual plaintiff with standing to challenge defendants' notice on this issue. Nor does the record reveal that defendants supended any plaintiff's benefits for failing to comply with their disclosure requirements.

[3]     The individual benefit claims of plaintiffs Bohan, Arwood, Herman, Krucker and Whitmyer are deemed abandoned by plaintiffs' failure to address each individual claim in their response brief. *Palmer*, 327 F.3d at 597-98.

is final." *Cvelbar v. CBI Illinois Inc.*, 106 F.3d 1368, 1379 (7th Cir.1997). The court will reverse

the administrator's decision only if it was "downright unreasonable." *Brehmer v. Inland Steel Indus.*

*Pension Plan*, 114 F.3d 656, 660 (7th Cir.1997).

Defendants determined Rose and Helvey were engaged in prohibited reemployment because

they worked in the same statistical metropolitan area with participants covered by the same job

classification. Defendants specifically informed Rose that plant maintenance, but not building

maintenance, was a job classification covered in the collective bargaining agreement between Local

Union No. 348 and Reiter Dairy, Inc. Neither plaintiff offers evidence contradicting defendants'

reason for the denial of their benefits.

As an initial matter, plaintiffs fail to demonstrate defendants' interpretation of plan terms,

including "same industry," "same classification," "same standard statistical metropolitan area" and

"maintenance," contravenes the plain meaning or structure of the plan and/or defies common sense.

*Hess v. Hartford Life & Accident Ins.*, 275 F.3d 456, 461 (7th Cir. 2001). Although plaintiffs claim

defendants' interpretation "do[es] not coincide with the plain and customary meaning as understood

by ordinary Teamsters," they fail to offer any evidence supporting this contention. Nor do they

demonstrate that the absence of a copy of the relevant collective bargaining agreement in their

records renders the trustees' decision arbitrary and capricious. *See, e.g., Karr v. National Asbestos*

*Workers Pension Fund*, 150 F.3d 812, 814 (7th Cir. 1998)(administrator not bound by evidentiary

rules). Indeed, they do not suggest that the trustees were wrong in determining that their positions

were covered by other collective bargaining agreements within the same standard statistical

metropolitan area.

9

Finally, Rose may not claim for the first time before this court that his reemployment fell outside the same standard statistical metropolitan area. *Lindemann*, 79 F.3d at 650, *quoting Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989)("exhaustion also 'enables plan fiduciaries to . . . assemble a factual record which will assist a court in reviewing their actions'"). Meaningful judicial review of the trustees' decision regarding the same standard statistical metropolitan area is impossible based on Rose's failure to present this issue during his administrative appeal. Even if the court considers Rose's argument, his evidence falls short of establishing his reemployment falls outside defendants' interpretation of the same standard statistical metropolitan area. *See* Pl. Facts at 13, *citing* Pl. Ex. 9 (Office and Management Budget Bulletin 99-04). Indeed, Rose does not claim defendants' inclusion of his reemployment location within the same standard statistical metropolitan area is unreasonable. *See Carr v. Gates Health Care Plan*, 195 F.3d 292, 294 (7th Cir. 1999)(administrator's interpretation of ambiguous term controls as long as its reasonable). Under these circumstances, the court will not disturb the trustees' decision regarding Rose.

Nor will the court reverse defendants' decisions regarding Paule. According to plaintiffs, defendants rendered inconsistent decisions regarding Helvey and Paule despite the fact they were performing similar work. Pl. Resp. at 20. In making this argument, plaintiffs disregard the basis for defendants' decisions. Specifically, defendants determined that Paule was engaged in prohibited reemployment because he worked in the same industry. Def. Ex. K at 1868-71. Defendants did not consider Paule's job duties in reaching their decision. *Id.* Based on this record, defendants' decision regarding Paule will not be overturned. Plaintiffs' breach of fiduciary duty claims based on the same conduct fail as well. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

## CONCLUSION

Plaintiffs' claims based on the amendment to the prohibited reemployment definition are dismissed without prejudice. The material facts are undisputed. Defendants are entitled to summary judgment on plaintiffs' remaining claims as a matter of law.

October 17, 2003

ENTER:

Suzanne B. Conlon
United States District Judge