# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1010 | **DATE** | 12/12/2003 |
| **CASE TITLE** | HERMAN, et al., vs. CENTRAL STATES PENSION FUND, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' bill of costs is approved in part. Defendants are awarded $40.00 in witness fees and $4,204.96 in deposition costs. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

DEC 15 2003
date docketed

docketing deputy initials

12/12/2003
date mailed notice

PW
mailing deputy initials

CB

courtroom deputy's initials

CLERK
U.S. DISTRICT COURT

03 DEC 14 PM 8: 16

date/time received in central Clerk's Office

**Document Number**

103

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD HERMAN, et al., )
)
             Plaintiff, )    No. 03 C 1010
)
    v. )    Suzanne B. Conlon, Judge
)
CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, et al., )
)
            Defendants. )

DOCKETED
DEC 1 5 2003

## MEMORANDUM OPINION AND ORDER

    Plaintiffs are retired or retiring participants in defendant Central States Southeast &
Southwest Areas Pension Fund. Plaintiffs sued the fund, its trustees and plan administrators for
breach of fiduciary duty and multiple violations of the Employment Retirement Income Security Act
("ERISA"), 29 U.S.C. § 1001 *et seq.* At the outset of the litigation, plaintiffs sought class
certification. Defendants vigorously contested this motion, arguing, *inter alia*, plaintiffs' counsel
was inadequate due to an irreconcilable conflict of interest. To prove this theory, defendants sought
discovery from third-parties, including plaintiffs' union, the Teamsters for a Democratic Union
(TDU). Defendants alleged plaintiffs' counsel was associated with TDU. Plaintiffs fired back,
seeking sanctions. This discovery dispute eventually was settled, and plaintiffs withdrew their
motion for sanctions. Class certification was denied on other grounds. Ultimately, defendants
prevailed on summary judgment. Some of plaintiffs' claims were dismissed without prejudice. The
court granted defendants summary judgment on all other claims. *See Herman v. Central States,
Southeast and Southwest Areas Pension Fund*, No. 03 C 1010, 2003 WL 22389072, *1 (N.D.Ill. Oct.

1

20, 2003). Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, defendants now seek to recover $6,499.37 in costs associated with the litigation.

## DISCUSSION

Rule 54(d) authorizes an award of costs other than attorneys' fees to the prevailing party. Absent contractual or statutory authority, recoverable costs are limited to those specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). These costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. When there are multiple parties on the non-prevailing side, they are jointly and severally liable for costs. *See Petit v. City of Chicago*, 2003 WL 22339277, *3 (N.D.Ill., Oct. 10, 2003); *White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (7th Cir. 2001).

Defendants seek recovery of court reporter and transcript fees, as well as witness appearance and travel fees. These costs generally fall within § 1920. However, plaintiffs contend the costs of certain deposition transcripts are excessive and were not reasonably necessary. Plaintiffs further argue witness fees are unrecoverable because the invoices submitted are insufficiently itemized and the witnesses were not reasonably necessary for the litigation.

### 1. Deposition Costs

Defendants seek a total of $6,415.37 in deposition transcript costs. In evaluating a bill of costs, the court must determine whether (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable and necessary. Section 1920(2) authorizes recovery of deposition transcript costs necessarily obtained for use in the case. Transcript costs may not exceed rates set forth by the

Judicial Conference. Local Rule 54.1(b). The Judicial Conference has established $3.30 as the maximum rate per page for original transcripts, $4.40 per page for each expedited copy. *XCO Int'l, Inc. v. Pacific Scientific Co.*, No. 01 C 6851, 2003 WL 2006595, *8 (N.D.Ill. April 29, 2003); *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536 at *2 (N.D.Ill. July 2, 2003).

At the outset, the court notes that in addition to transcript charges, defendants also seek recovery of administrative fees, delivery charges, and the cost of electronic transcript copies. Administrative fees and delivery costs are unrecoverable ordinary business expenses. *See Fait v. Hummel*, 2002 WL 31433424, at *2 (N.D.Ill. Oct. 30, 2002) (delivery costs); *Menasha Corp. v. News America Marketing Instore, Inc.*, 2003 WL 21788989, *3 (N.D.Ill. July 31, 2003) (administrative fees). Costs of condensed and electronic transcript copies may not be recovered: they are for counsel's convenience, not necessity. *See Ochana v. Flores*, 206 F. Supp.2d 941, 945 (N.D.Ill. 2002) (condensed transcripts unrecoverable); *see also Davis v. Teamsters Local Union No. 705*, No. 01 C 5047, 2002 WL 1359401, *3 (N.D.Ill. June 20, 2002) (ASCII copies are merely for attorneys' convenience); *Fait*, 2002 WL 31433424, at *2 (e-mail version unrecoverable). These costs are deducted from the award for each deposition.

Plaintiffs challenge defendants' recovery of court reporter fees, arguing the court may not award the maximum per-page rate for a deposition in addition to the court reporter's attendance fee. Court reporter fees are not specifically mentioned in § 1920, but the court may award fees under § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Riley v. UOP LLC*, 258 F. Supp.2d 841, 844 (N.D.Ill. 2003); *Menasha Corp.*, 2003 WL 21788989, at *2. Defendants seek reasonable court reporters' fees of $25.00 per hour for each deposition. *See Riley*, 258 F. Supp.2d at 844 ($30.00 to $60.00 is reasonable); *McCullough v. O'Neil*, No. 01 C 6510, 2003 WL 737847 at *1

(N.D.Ill. Feb. 28, 2003); *See XCO Int'l*, No. 01 C 6851, 2003 WL 2006595, *8 (N.D.Ill. April 29, 2003); *Hall*, No. 98 C 4682, 2003 WL 21518536 at *2 (N.D.Ill. July 2, 2003). Accordingly, defendants are awarded $187.50 (7.5 hours) in court reporter attendance fees for the depositions of Krucker, Bohan and Arwood; $150.00 (6 hours) for the Helvey and Paule depositions; $137.50 (5.5 hours) for the depositions of Herman, Rose and Whitmyer; and $100.00 (4 hours) for Paff's deposition. Defendants are awarded a total of $575.00 in court reporter fees.

Defendants seek $2,022.45 for depositions of Michael Krucker, William Bohan and Larry D. Arwood, including $10 for an e-mailed transcript, and $187.50 in court reporter attendance fees. Plaintiffs do not dispute the necessity of the depositions, but contend defendants' costs are barred because the invoice is insufficiently itemized and the per-page rate exceeds that authorized by the Judicial Conference. While the invoice lists a general $5.65 per page rate, it does not separately itemize the costs of original transcripts and condensed copies. Nevertheless, defendants' invoice is sufficient. It provides the rate and number of pages for each deposition. This information allows the court to determine whether rates are excessive. *See Shah v. Village of Hoffman Estates*, 2003 WL 21961362 at *1 (N.D.Ill Aug. 14, 2003); *cf. Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (normal business records are sufficient if they establish the copies were reasonable and necessary). Defendants may recover $432.30 ($3.30 x 131 pages) for the cost of Krucker's deposition; $287.10 ($3.30 x 87 pages) for Bohan's deposition; and $346.50 ($3.30 x 105 pages) for Arwood's deposition. The cost of an e-mailed transcript is denied. Accordingly, defendants are awarded a total of $1,065.90 for the depositions of Krucker, Bohan and Arwood.

4

Defendants seek $1,552.60 for depositions of Dennis Helvey and Daniel Paule. Plaintiffs do not challenge the need for these depositions or copies. However, they contend the per-page rate for each is excessive. The invoice for the Helvey and Paule depositions is identical in form to the Krucker, Bohan and Arwood deposition invoice: it provides the number of pages and a general per-page rate for each deposition instead of specifying different rates for originals and copies. Defendants seek $826.20 ($5.10 x 162 pages) for one original and one copy of Helvey's deposition. According to rates established by the Judicial Conference, defendants may recover $3.30 per original and $0.83 per copy. Defendants are awarded $534.60 ($3.30 x 162 pages) for Helvey's original transcript and $134.46 ($0.83 x 162 pages) for one copy. Defendants seek $530.40 for one original and one "mini" copy of Paule's deposition. Condensed copies are unrecoverable. Therefore, defendants are awarded $343.20 ($3.30 x 104 pages) for Paule's deposition. Reimbursement for the e-mailed copy and rush delivery is denied; defendants have not shown these expenses were necessary. Defendants are awarded a total of $1,012.26 for the Helvey and Paule depositions.

Defendants seek $1,223.60 for depositions of Richard Herman, William Rose and Larry Whitmyer. Plaintiffs do not dispute the necessity for these depositions or copies. Defendants are awarded $396.00 ($3.30 x 120 pages) for an original transcript of Herman's deposition and $99.60 ($0.83 x 120 pages) for one copy. Defendants are also awarded $300.30 ($3.30 x 91 pages) for original transcripts of Rose and Whitmyer's depositions. The request for condensed and e-mailed copies is denied. The total award for the Herman, Rose and Whitmyer depositions is $795.90.

Defendants seek $764.90 for the Kenneth Paff deposition. Plaintiffs argue Paff's deposition was unnecessary. The determination of necessity under 28 U.S.C. § 1920 is made at the time the deposition is taken. *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Subsequent

5

events defeating the usefulness of the deposition do not preclude recovery of costs. *Id.* Plaintiffs contend Paff's deposition was unnecessary because it was taken after the opposition to class certification was due and was not crucial to defendants' efforts to defeat class certification. However, Paff's deposition need not actually be useful in order to justify cost recovery. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). The document request sent with the deposition subpoena suggests defendants reasonably believed Paff's testimony would be helpful in the ongoing litigation. Moreover, defendants may have reasonably believed Paff's testimony would support the theory that class certification was improper because plaintiffs' counsel was inadequate. In fact, after taking Paff's deposition, defendants moved to file a supplemental response to the motion for class certification. Accordingly, defendants may recover the cost of Paff's deposition within Judicial Conference limitations. Defendants are awarded $448.80 ($3.30 x 136 pages) for the cost of an original transcript and $112.88 ($0.83 x 136 pages) for one copy. Defendants do not show that the exhibit copies made for the deposition were necessary. That cost is denied. *See Menasha Corp.*, 2003 WL 21788989 at *2. Defendants are awarded a total of $561.68 for Paff's deposition.

Defendants seek $825.42 for copies of the Albert Nelson and Thomas Nyhan depositions. Since these are copies, the maximum rate per page allowed by the Judicial Conference is $0.83. The $2.35 rate sought by defendants is excessive. Defendants are awarded $194.22 ($0.83 x 234 pages) for copies of the Nelson and Nyhan depositions. The costs of exhibit copies, ASCII disks, condensed copies, delivery and the administrative fee are denied.

**2. Witness Fees**

Defendants seek $42.00 in witness fees for TDU. Paff represented TDU. Defendants seek an additional $42.00 for Paff's witness fee. Witness fees are authorized by § 1920(3). Payment to a deponent may not exceed the $40.00 statutory limit, plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Only Paff is entitled to a witness fee; as an organization, TDU may not recover a separate witness fee. *See NLFC, Inc., v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D.Ill. 1996). However, defendants fail to offer evidence of Paff's travel expenses or subsistence charges. Therefore, defendants' recovery for witness fees is limited to $40.00. *See Chamberlain Group, Inc., v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 31176068, *3 (N.D.Ill. Sept. 30, 2002).

**3.    Status Hearing**

Defendants seek $26.40 for an expedited copy of the transcript of a status hearing. However, defendants do not explain why this transcript was reasonably necessary. Accordingly, defendants may not recover the cost of the status hearing transcript. *See Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 1036019, at *3 (N.D.Ill. July 20, 2000).

<b><u>CONCLUSION</u></b>

For the foregoing reasons, defendants' bill of costs is approved in part. Defendants are awarded $40.00 in witness fees and $4,204.96 in deposition costs.

December 12, 2003                            ENTER:

Suzanne B. Conlon
United States District Judge